1  Scott Alan Burroughs (SBN 235718)
   scott@donigerlawfirm.com
2  Trevor W. Barrett (SBN 287174)
   tbarrett@donigerlawfirm.com
3  Kelsey M. Schultz (SBN 328159)
   kschultz@donigerlawfirm.com
4  DONIGER / BURROUGHS
5  603 Rose Avenue
   Venice, California 90291
6  Telephone: (310) 590-1820
7
8  Attorneys for Plaintiff
9
                **UNITED STATES DISTRICT COURT**
10                **CENTRAL DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| Dina Monica Meier, | Case No.: 2:23-cv-01433-RGK-AFM |
| | _Hon. R. Gary Klausner Presiding_ |
| Plaintiff, | |
| | **NOTICE OF MOTION AND MOTION** |
| v. | **FOR DEFAULT JUDGMENT** |
| | |
| Norman Solomon, et al, | _**(Memorandum of Points and Authorities,**_ |
| | _**Declarations, and [Proposed] Order Filed**_ |
| Defendants. | _**Concurrently Herewith)**_ |
| | |
| | Date: October 2, 2023 |
| | Time: 9:00 a.m. |
| | Location: Courtroom 850 |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 2, 2023 at 9:00 a.m. (or as soon thereafter as this Court may hear this matter), Plaintiff Dina Monica Meier ("Meier") will and hereby does move for default judgment against Defendants Norman Solomon ("Solomon"), International Images, LLC, d/b/a "Global Images USA" ("Global Images"), and Australia Party, Ltd., d/b/a "Lyons Gallery" (Lyons Gallery") on the following grounds:

1.     Solomon was duly served with the Complaint and Summons (Dkt. 30), but has not responded or otherwise appeared in this action;

2.     Global Images was duly served with the Complaint and Summons (Dkt. 15), but has not responded or otherwise appeared in this action;

3.     Lyons Gallery was duly served with the Complaint and Summons (Dkt. 16), but has not responded or otherwise appeared in this action;

4.     The Clerk entered default against Solomon (Dkt. 32);

5.     The Clerk entered default against Global Images (Dkt. 20);

6.     The Clerk entered default against Lyons Gallery (Dkt. 25);

7.     Upon information and belief, neither Solomon, Global Images, nor Lyons gallery are a minor, an incompetent person, in military service, or otherwise exempt under the Servicemembers Civil Relief Act (50 U.S.C. §§ 3901-4043, *et seq.*);

8.     Meier is entitled to default judgment against all Defendants for violations of the federal civil RICO statute, mail and wire fraud violations, intentional misrepresentation, negligent misrepresentation, and fraudulent concealment based on the allegations set forth in the Complaint;

9.     Meier seeks damages in the amount of $223,589.46 under 18 U.S. Code § 1964 and Civil Code section 3343, subdivision (a).

10.     Meier seeks its costs and fees incurred in this litigation under 17 U.S.C. § 505 and Civil L.R. 55-3, which amount to $2,667.48 and $8,071.79, respectively.

11.     Notice of the entry of default, this Motion, and the amount requested was served on Solomon, Global Images, and Lyons Gallery on September 1, 2023, as required under Civil L.R. 55-1(e).

This Motion is based on this Notice, the below Memorandum of Points and Authorities, the accompanying declarations, the record in this case, and such further evidence and argument as may be presented at the hearing.


Dated: September 1, 2023          By:    /s/ *Trevor W. Barrett*
                                         Scott Alan Burroughs, Esq.
                                         Trevor W. Barrett, Esq.
                                         Kelsey M. Schultz, Esq.
                                         DONIGER / BURROUGHS
                                         Attorneys for Plaintiff

# TABLE OF CONTENTS

I.     Introduction……………………………………………………………1

II.    Relevant facts and procedural history……………………………………1

III.   Defendants are subject to this Court's jurisdiction…………………………3

IV.    Default judgment is procedurally proper…………………………………5

V.     Default judgment is substantively proper because Meier would be prejudiced if she were not allowed to recover on her claims for violations of the RICO and mail and wire fraud statutes, and fraud……………………………………………6

    A. Meier would be prejudiced if her motion for Default Judgment were denied……………………………………………...6

    B. Meier's claims are meritorious and sufficiently pled in the Complaint……………………………………………7

        1. Meier's RICO claims are sufficiently pled…………………..7

        2. Meier's wire and mail fraud claims are sufficiently pled……………………………………………...8

        3. Meier's intentional misrepresentation claim is sufficiently pled…………………………………9

        4. Meier's negligent misrepresentation claim is sufficiently pled…………………………………9

        5. Meier's fraudulent concealment claim is sufficiently pled…………………………………...9

    C. Meier should not be denied the damages she would likely recover from Defendants at trial……………………………10

    D. There is little possibility of a dispute concerning material facts……………………………………………………11

    E. Defendants' conduct in defaulting is culpable…………………………11

F.  Defendants have rendered a decision on the merits impossible……………………………………………………...12

VI.    Meier should be awarded damages in the amount of $223,589.46………………………………………………………...12

VII.    Meier is entitled to recover costs in the amount of $2,667.48……………..14

VIII.   Meier is entitled to recover her attorneys' fees……………………………15

IX.    CONCLUSION……………………………………………………………15

MOTION FOR DEFAULT JUDGMENT

# TABLE OF AUTHORITIES

Page(s)

Cases

*Aldabe v. Aldabe*,
  616 F.2d 1089 (9th Cir. 1980) ................................................................. 6

*Alliance Mortgage Co. v. Rothwell*,
  (1995) 10 Cal.4th 1226 ................................................................. 12, 14

*Bd. of Trs. of Bay Area Roofers Health & Welfare Trust Fund v. Westech Roofing*,
  42 F. Supp. 3d 1220 (N.D. Cal. 2014) ................................................... 13

*Cannon v. City of Petaluma*,
  2011 WL 3267714 (N.D. Cal. July 29, 2011) ....................................... 13

*Canyon Cty. v. Syngenta Seeds, Inc.*,
  519 F.3d 969 (9th Cir. 2008) ............................................................. 7, 8

*Diaz v. Gates*,
  420 F.3d 897 (9th Cir. 2005) ............................................................. 7, 8

*Central California IBEW/NECA Pension Trust v. Ozzimo Electric, Inc.*,
  13-00731 WHA, 2013 WL 5693728 (N.D. Cal. Oct. 17, 2013) ............ 13

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
  751 F.3d 990 (9th Cir. 2014) ................................................................ 8

*Eitel v. McCool*,
  782 F.2d 1470 (9th Cir. 1986) .............................................................. 6

*Elektra Entertainment Group*,
  2004 WL 783123 ................................................................................ 12

*Engalla v. Permanente Medical Group, Inc.*,
  15 Cal.4th 951, 64 Cal.Rptr.2d 843, 938 P.2d 903 (1997) .................... 9

*Fong v. United States*,
  300 F.2d 400 (9th Cir.1962) ............................................................... 12

*Graham v. Bank of America, N.A.*,
  226 Cal.App.4th 594 (2014) ............................................................... 10

*In re Ferrell*,
  539 F.3d 1186 (9th Cir. 2008) ............................................................ 13

*In re Tuli*,
  172 F.3d 707 (9th Cir. 1999) ................................................................ 4

*James v. Frame*,
  6 F.3d 307 (5th Cir. 1993) .................................................................. 15

*Joe Hand Promotions, Inc. v. Pollard*,
  2010 WL 2902343 (E.D. Cal. July 22, 2010) ........................................ 5

*Life Alert Emergency Response, Inc. v. Lifewatch, Inc.*,
  2014 U.S. Dist. LEXIS 69984 (C.D. Cal. May 19, 2014) ....................... 5

*Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*,
   431 F.3d 353 (9th Cir. 2005) ................................................................. 7

*Microsoft Corp. v. Nop*,
   549 F. Supp. 2d 1233 (E.D. Cal. 2008) ............................................... 11

*PepsiCo, Inc. v. California Sec. Cans*,
   238 F. Supp. 2d 1172 (C.D. Cal. 2002) ................................................. 6

*Philip Morris USA Inc. v. Banh*,
   2005 WL 5758392 (C.D.Cal. Jan. 14, 2005) ....................................... 13

*Sldate v. Wilshire Credit Corp.*,
   686 F.Supp.2d 1051 (E.D. Cal. 2010) ................................................... 9

*Swaim v. Moltan Co.*,
   73 F.3d 711 (7th Cir. 1996) ................................................................... 5

*TeleVideo Sys., Inc. v. Heidenthal*,
   826 F.2d 915 (9th Cir. 1987) ................................................................. 5

*Turner v. Cook*,
   362 F.3d 1219 (9th Cir. 2004) ............................................................... 7

*Twentieth Century Fox Film Corp. v. Streeter*,
   438 F.Supp.2d 1065 (D. Ariz. 2006) ................................................... 11

*United States v. Benny*,
   786 F.2d 1410 (9th Cir. 1986) ............................................................... 8

*United States v. Green*,
   592 F.3d 1057 (9th Cir. 2010) ............................................................... 8

*Warner Bros. Entm't Inc. v. Caridi*,
   346 F. Supp. 2d 1068 (C.D. Cal. 2004) ............................................... 11


Statutes

17 U.S.C. § 505 ......................................................................................... 3
18 U.S.C. § 1341 ..................................................................................... 13
18 U.S.C. § 1343 ..................................................................................... 13
18 U.S.C. § 1961 ....................................................................................... 7
18 U.S.C. § 1962(c) ................................................................................... 8
18 U.S.C § 1964 ................................................................. 2, 12, 14, 15
18 U.S.C. § 2318 ..................................................................................... 13
50 U.S.C. §§ 3901-4043 ........................................................................... 2


Rules

Fed. R. Civ. P. 55(b)(2) ............................................................................ 5
Fed. R. Civ. P. 54(c) ............................................................................... 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION FOR DEFAULT JUDGMENT

Other Authorities

L.R. 55-1(e) ............................................................................................. 3
L.R. 55-3 ............................................................................................... 15

MOTION FOR DEFAULT JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

Defendants Solomon, Global Images, and Lyons Gallery have run a successful racketeering and fraud scheme by manufacturing and selling counterfeit and unauthorized Helmut Newton prints. When Meier sought to invest her money in fine art and then start a small gallery for her own joy and fulfillment, Defendants misrepresented and concealed material facts in order to induce Meier to purchase counterfeit works, providing her with fake certificates of authenticity that were not recognized or accepted by the Helmut Newton Foundation or any respectable fine art fair or gallery. Now, when faced with a lawsuit to right these wrongs, Defendants have deliberately not appeared in the action leaving Meier with default judgment as her only recourse. As a result, Meier now moves this Court to enter default judgment against Defendants in the amount of $234,328.73, consisting of $223,589.46 in statutory damages, $8,071.79 in fees, and $2,667.48 in costs.

### II.    Relevant facts and procedural history

Helmut Newton was a prolific photographer known for his provocative, erotically charged black-and-white photos. Like many others, Meier was drawn to his work, and in March of 2022, when she began collecting works of fine art in the hopes of starting her own online gallery, Helmut Newton was her first choice. Declaration of Dina Monica Meier ("Meier Declaration") ¶ 2. On March 23, 2022, Meier met with Jay Lyon of Lyons Gallery and subsequently purchased a silver gelatin print of "Elsa Peretti in Halston Bunny Costume II" that Lyons Gallery and Jay Lyon represented was hand-signed by Helmut Newton and stamped by the Helmut Newton Estate. Dkt., 1, ¶ 43. Meier paid AUD 38,500 ($24,942.22) for this print based on the assurances of authenticity. Meier Declaration ¶ 4, Ex. A.

On March 29, 2022, Jay Lyon emailed Meier to persuade her to purchase more prints from Lyons Gallery, which had curated a private collection of photographs for Meier to review at the following URL:

https://privateviews.artlogic.net/2/67c73f0a0cc13ee3cee128/. The link is still accessible and displays several Helmut Newton prints that are advertised as authentic but are in fact counterfeit. Dkt., 1, ¶ 44, 45. On March 30, 2022, Meier purchased a silver gelatin copy of "Two Pairs of Legs in Black Stockings" by Helmut Newton from Lyons Gallery, which was also hand signed, dated, and stamped by the Helmut Newton Estate. Dkt., 1, ¶ 43. Meier paid 36,000.00 AUD, which is approximately $23,362.56. Meier Declaration ¶ 10, Ex. E.

After being advised that she could likely find Helmut Newton prints at a lesser price from galleries outside of Australia, Meier contacted Matthew Wiltsey of Global Images. Dkt., 1, ¶ 11. Global Images USA is a fully owned subsidiary of International Images, which Meier has since learned was founded by Defendant Solomon. Dkt., 1, ¶ 43; Barrett Declaration ¶ 13, Ex. T. Indeed, in communications with Meier, Matthew Wiltsey identified Solomon as his business partner, and Global Images identifies him as one of its founders. Barrett Decl. ¶ 8, Ex. O.

In discussing available Helmut Newton prints, Matthew Wiltsey informed Meier that Global Images had a business relationship for several years with Lyons Gallery, that Global Images sold Lyons Gallery numerous Helmut Newton prints, and that Matthew Wiltsey and Jay Lyon spoke frequently. Meier Declaration ¶ 12.

Based on assurances of authenticity, on May 15, 2022, Meier purchased a signed copy of "Saddle II, Hermès, Vogue Homme, Hôtel Lancaster" and on October 18, 2022, I purchased a signed copy of "Hollywood Cadillac, Los Angeles 1976" and "Saddle I, Hermès, Vogue Hommes" all by Helmut Newton, totaling approximately $26,225.04. Dkt. 1, ¶ 49; Meier Declaration ¶¶ 14, 15, Ex. G. These prints were also accompanied by a Certificate of Authenticity from Norman Solomon which provided that the prints were authenticated by his 1984 agreement with Helmut Newton and the 2012 Settlement Agreement with the Helmut Newton Estate. Dkt. 1, ¶ 50.

In or about September 2022, Meier opened her own online photography

MOTION FOR DEFAULT JUDGMENT

gallery and applied to for a booth at MIA Photofair in Milan, Italy. Dkt. 1, ¶ 51. However, when she stated that intended to bring her Helmut Newton prints, the organizer of MIA Photofair, Sofia Boffardi, requested that Meier send her photographs of the Helmut Newton prints because of the large number of counterfeits in circulation. Dkt. 1, ¶ 52. After reviewing the prints, Sofia Boffardi informed Meir that they were counterfeit and she could not bring them to MIA Photofair. Dkt. 1, ¶ 53. Similarly, Susanna Weninger of Artnet inquired about these Helmut Newton prints, but after a review of the images, also informed Meier of their inauthenticity. Dkt. 1, ¶ 54.

After receiving two opinions that identified the prints as counterfeits, Meier reached out to the Helmut Newton Foundation and Phillippe Garner, Vice President of the foundation's board, also confirmed that the prints were not authentic Helmut Newton works. Meier Declaration ¶¶ 23-25, Ex. K. Phillippe Garner further confirmed that the Helmut Newton Foundation had previously sent the Lyons Gallery a demand to cease and desist from selling unauthorized prints of Helmut Newton's work in 2022. *Id.* Similarly, Phillippe Garner stated that Solomon, who Matthew Wiltsey identified as his business partner (*see* **Exhibit F**), was aware that he was not authorized to print or distribute any Helmut Newton images. *Id.*

After the Helmut Newton Foundation confirmed the inauthentic nature of the prints, Meier immediately contacted Lyons Gallery and Global Images and demanded that she be refunded. Meier Declaration ¶¶ 26-28, Ex. L, M. Jaime Silva of Lyons Gallery responded stating that Lyons Gallery did not believe the works were fraudulent based on Norman Solomon's certificates of authenticity, and Meier was refused a refund. *Id.* at ¶¶ 29, 30, Ex. N. Meier never received a response from Matthew Wiltsey despite her several emails and phone calls, and she even scheduled a video meeting with him through the Global Images website, which he did not attend. *Id.* at ¶ 31. Meier also called the W Hotel in Hollywood,

CA where Global Images used to have its physical gallery, but the concierge of the W Hotel informed her that Global Images had vacated the premises eight months earlier. *Id.*

Meier has since learned through other default judgments against Global Images that it was sued for copyright infringement by other copyright holders, has several default judgments against it, and on or about February 16, 2022 counsel in another action against Global Images had obtained a levy or "break-the-lock order" against Wiltsey wherein the Los Angeles County Sheriff's Office confiscated all of the inventory in the Global Images gallery at the W Hotel. Barrett Declaration ¶¶ 10-12, Ex. Q, R, S. Worse – Meier learned from the Helmut Newton Foundation that it advised Lyons Gallery and Global Images that they were trading in counterfeits and to cease and desist. Despite these warnings, Defendants continued trading inauthentic prints and induced Meier to purchase five of their counterfeits. Left with no recourse to right Defendants' wrongs, Meier now seeks default judgment against Defendants and each.

## III.    Defendants are subject to this Court's jurisdiction

Before entering default judgment, a court must determine whether it has subject-matter jurisdiction over the action and personal jurisdiction over the defendant. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here there can be no dispute that Defendants are subject to personal jurisdiction in this Court.

Defendants Solomon and Global Images are residents of the instant forum, and Solomon was served at his home address in Beverly Hills. Dkt. 1, ¶¶ 5, 6, and 30. The Global Images website further represents that it maintains at gallery in the W Hotel located at 6250 Hollywood Blvd., Los Angeles California 90028. Barrett Decl., ¶ 8, Ex. O.

The Court has specific jurisdiction over Lyons Gallery because it availed itself of the benefits of conducting business in the instant forum, by contracting and conspiring with Solomon and Global Images to distribute counterfeit prints to

the public. Dkt. 1, ¶ 7. These allegations are taken as true on default (*TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–18 (9th Cir. 1987)) and are further substantiated by evidence from Plaintiff wherein Global Images' principal admits to selling photography prints to Lyons Gallery "since they opened." Declaration of Dina Monica Meier ("Meier Decl.") ¶ 13, Ex. F.

Accordingly, this Court's personal jurisdiction should not be challenged after Defendants engaged in harmful conduct and then deprived Meier of a resolution on the merits. *See Life Alert Emergency Response, Inc. v. Lifewatch, Inc.*, 2014 U.S. Dist. LEXIS 69984, *10–12 (C.D. Cal. May 19, 2014).

**IV.    Default judgment is procedurally proper**

Entry of default judgment ensures "that litigants who are vigorously pursuing their cases are not hindered by those who are not in an environment of limited judicial resources." *Swaim v. Moltan Co.*, 73 F.3d 711 (7th Cir. 1996); *see also Joe Hand Promotions, Inc. v. Pollard*, No. CIVS-09-03155, 2010 WL 2902343 (E.D. Cal. July 22, 2010), *report and recommendation adopted*, No. 2:09-CV-03155, 2010 WL 11700666 (E.D. Cal. Aug. 24, 2010); Fed. R. Civ. P. 55(b)(2).

Here, Meier has taken all reasonable steps to notify Defendants of this pending litigation, but neither of the three Defendants have participated in this litigation whatsoever. Declaration of Trevor W. Barrett, Esq. ("Doniger Decl."), ¶¶ 2-3. As the time for their response has lapsed, the only choice Meier has to hold Defendants accountable for the fraudulent scheme and the damage they have caused her, is to move for default judgment. Because all necessary procedural requirements have been met, this Court should grant default judgment against Meier.

///

**V.    Default judgment is substantively proper because Meier would be prejudiced if she were not allowed to recover on her claims for violations of the RICO and mail and wire fraud statutes, and fraud.**

The Court may grant default judgment in its discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making its decision, the Court may consider various factors, including (1) the possibility of prejudice to Plaintiff; (2) the merits of Plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether Defendant's default was due to excusable neglect; and (7) federal policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Here, those factors favor granting default judgment.

**A. Meier would be prejudiced if her Motion for Default Judgment were denied.**

Meier has pursued her case and diligently and repeatedly notified Defendants of this pending litigation. Rather than respond to the Complaint or otherwise appear in this case, Defendants opted to simply default—employing a tactic they have repeatedly used in other cases – likely hoping that the judgment rendered by the Court would be lower than its potential legal fees. To allow Defendants to avoid liability by ignoring Meier and the judicial process would be prejudicial to bona fide victims of their fraudulent racketeering scheme. *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). Further, Meier has already incurred costs and fees in connection with filing this case, serving process on Defendants and notifying them of this case, and taking the necessary procedural steps to obtain a default judgment. Without an entry of default judgment against each of the Defendants, Meier would be prejudiced and without other recourse for recovery. This favors default judgment against Defendants.

**B. Meier's claims are meritorious and sufficiently pled in the Complaint.**

Because the Complaint contains all necessary factual allegations for Meier's claims, and because such allegations must be taken as true, Meier satisfies the second and third *Eitel* factors.

### 1.  Meier's RICO claims are sufficiently pled.

To recover under the civil RICO statute, a plaintiff must prove (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury to the plaintiff's "business or property" by the conduct constituting the violation. *See Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).

Here, Meier alleges that Defendants engaged in fraudulent conduct by conspiring to willfully infringe the Helmut Newton Foundation's copyrights and sell inauthentic prints to unsuspecting customers. Dkt. 1, ¶¶ 61, 62. Meier further alleges that the association of Defendants constituted an enterprise within the meaning of 18 U.S.C. § 1961, and the enterprise was continuous because the predicate acts of copyright infringement, counterfeiting, and mail and wire fraud were a regular way of conducting business and participating in the RICO enterprise. Dkt. 1, ¶¶ 61, 63. Meier further alleges that Defendants committed multiple predicate acts within a ten-year period – evening a pattern of racketeering. *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004) ("Evidence of multiple schemes is not required ... and, indeed, proof of a single scheme can be sufficient so long as the predicate acts involved are not isolated or sporadic.").

Lastly, RICO's injury standard requires the plaintiff to plead "a harm to a specific business or property interest," which is "a categorical inquiry typically determined by reference to state law." *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) (en banc). Not only must a RICO plaintiff adequately plead an injury to a specific business or property interest, but the injury must also be "tangible" or "concrete." *Canyon Cty. v. Syngenta Seeds, Inc.,* 519 F.3d 969, 975 (9th Cir.

MOTION FOR DEFAULT JUDGMENT

2008); *Diaz*, 420 F.3d at 900. Meier adequately pleads this injury as an out-of-pocket loss satisfies this requirement. *Id.* In *Canyon County*, the court noted that "[i]n the ordinary context of a commercial transaction, a consumer who has been overcharged can claim an injury to her property, based on a wrongful deprivation of her money." 519 F.3d at 976. Here, Meier was plainly harmed by the wrongful deprivation of her money due to Defendants' racketeering.

There can be no dispute that Meier has sufficiently pled her first cause of action.

### 2.  Meier's wire and mail fraud claims are sufficiently pled

Mail and wire fraud are identical offenses except for the particular method used to disseminate the fraud. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (citing 18 U.S.C. § 1962(c)). The elements are (1) a scheme to defraud, (2) the use of the mails or wires to further that scheme, and (3) the specific intent to defraud. *Id.* The "scheme to defraud" element requires "an affirmative, material misrepresentation." *United States v. Green*, 592 F.3d 1057, 1064 (9th Cir. 2010) (quoting *United States v. Benny*, 786 F.2d 1410, 1418 (9th Cir. 1986)).

Again, Meier sufficiently pleads her cause of action, alleging that Defendants engaged in a collective scheme to sell counterfeit Helmut Newton prints, thereby defrauding their customers of their money in exchange for forged and inauthentic artwork. Dkt. 1, ¶¶ 67, 68. Defendants provided assurances that the works they were selling were authentic Helmut Newton prints, even using Solomon to create sham certificates of authenticity, which have been rejected reputable art instructions, collectors, and the Helmut Newton Estate. *Id.* at ¶¶ 49-54, 57-59. Meier was harmed by Defendants when based on their assurances she purchased five counterfeit works from Defendants.

Meier's claims for mail and wire fraud violations are  sufficiently pled and meritorious.

### 3.  Meier's intentional misrepresentation claim is sufficiently pled

To state a claim for intentional misrepresentation a plaintiff must state: "(a) misrepresentation; (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Medical Group, Inc*., 15 Cal.4th 951, 974, 64 Cal.Rptr.2d 843, 938 P.2d 903 (1997).

Meier alleges that Defendants knowingly mispresented that Solomon "possessed and was entitled to a collection of original, silver gelatin, vintage Helmut Newton photographs, which he kept in archival condition,"; Defendants had the right to distribute these works with the Helmut Newton Estate's blessing; and; "the Helmut Newton prints were authorized, or otherwise were genuine originals, legally-authorized prints, 'signed limited editions,' or 'Estate Certified prints.'" Dkt. 1 ¶ 73. Defendants knew these statements were false at the time they made them – indeed, both Lyons Gallery and Global Images had received notice from the Helmut Newton estate that they were trading in counterfeit prints at the time they sold the fake prints to Meier. However, Defendants made the statements with the intent to induce Meier to purchase the inauthentic works, which she did to her detriment, based on Defendants' assurances. *Id.* at ¶¶ 74-76.

### 4.  Meier's negligent misrepresentation claim is sufficiently pled

Because the same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance, Meier also sufficiently alleges the necessary elements of her claim for negligent misrepresentation. *Sldate v. Wilshire Credit Corp*. 686 F.Supp.2d 1051, 1063 (E.D. Cal. 2010).

### 5.  Meier's fraudulent concealment claim is sufficiently pled

The required elements for fraudulent concealment are: "(1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally

concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the concealment or suppression of the fact." *Graham v. Bank of America, N.A.*, 226 Cal.App.4th 594, 605 (2014).

Lyons Gallery and Global Images concealed that the Helmut Newton prints they sold to Meier were not authentic but were actually counterfeit prints that Solomon was distributing without the Helmut Newton Estates' permission. Dkt. 1 ¶ 83. Lyons Gallery and Global Images had a duty to tell their customer, Meier, that the works she was purchasing were not authentic prints. In fact, Lyons Gallery and Global Images both had received cease and desists from the Helmut Newton foundation, but continued to sell the counterfeit prints, withholding the truth from customers with the intention to deceive. Dkt. 1 ¶ 84. Meier was unaware of this fact, and if she had been, she would have behaved differently as evinced by her immediate demand to Global Images and Lyons Gallery to refund her for the fraudulent purchases. *Id.* at ¶¶ 56-59; Meier Decl. ¶¶ 16, 26-28, Ex. L, M. Meier has sufficiently alleged her final cause of action for fraudulent concealment.

\*\*\*

The Complaint sufficiently alleges the constituent elements of Meier's meritorious claims. The court should grant Meier's motion for default judgment.

## C. Meier should not be denied the damages she would likely recover from Defendants at trial.

The damages Meier requests, discussed *infra*, Section V, are the amount to which Meier is entitled to compensate her for Defendants' fraud and punish Defendants for their infringement and racketeering operation. Because the financial incentive to create and distribute counterfeit art to unsuspecting consumers is enormous, it is critical to adequately punish Defendants and deter

their fraudulent enterprise. This favors granting default judgment against Defendants.

**D. There is little possibility of a dispute concerning material facts.**

Meier's Complaint contains detailed factual allegations of Defendants' fraudulent scheme. And in the instant Motion she has proffered additional compelling evidence establishing Defendants have past judgments against them for the same fraud-based conduct. Moreover, Meier has provided testimony from experts in the fine art and photography industry, including the Helmut Newton Foundation, identifying the prints she purchased from Defendants as counterfeit. Further, the evidence shows that Defendants were each individually notified by the Helmut Newton Foundation that they were producing and selling counterfeit prints, and were sued by copyright holders for this infringement, but continued to engage in their fraudulent conduct after receiving such notices and judgments against them.

Accordingly, this factor favors granting default judgment against Defendants. *See Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1237 (E.D. Cal. 2008) ("[I]n light of the entry of default against defendant, there is no apparent possibility of a dispute concerning the material facts underlying the action.").

**E. Defendants' conduct in defaulting is culpable.**

Because each of the Defendants was duly served with the Complaint, their failure to respond or otherwise appear in this case cannot be due to excusable neglect. *See Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004) (internal quotations omitted) ("A defendant's conduct in failing to respond may either be culpable or due to excusable neglect. A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer."). As a result, Defendants have not "demonstrated a clear purpose to defend the suit." *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F.Supp.2d 1065, 1072 n.1 (D. Ariz. 2006). Because Defendants have not appeared

or made any effort to argue that their disregard of Meier's claims and the judicial process is due to excusable neglect, this factor favors granting default judgment against Defendants.

### F. Defendants have rendered a decision on the merits impossible.

Because Defendants refuse to participate in this litigation—a litigation that they caused— they have rendered a decision on the merits impossible, default judgment is appropriate.

Defendants failed to respond to the Complaint and, as a result, deprived Meier of the opportunity to conduct discovery to facilitate a decision on the merits. However, because Meier is able to calculate her "out-of-pocket" damages from Defendants' fraudulent exchange of property, and the federal civil RICO state (18 U.S. Code § 1964) provides that a plaintiff who brings a successful civil RICO action "shall recover threefold the damages he sustains and the cost of the suit". recovery for Meier is still possible despite Defendants' recalcitrance. *See infra*, Section V. As such, this factor favors default judgment.

\*    \*    \*

For the foregoing reasons, the *Eitel* factors demonstrate that this Court should grant default judgment against Defendants.

## VI.    Meier should be awarded damages in the amount of $223,589.46.

Pursuant to the Complaint, Defendants are now each in default on, and now liable for, RICO and wire and mail fraud violations, and fraud. As such, Meier is entitled to damages in the sum of $223,589.46, as well as pre-judgment interest. *See* 18 U.S. Code § 1964; Civ. Code, § 3343, subd. (a); Alli*ance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1240.

A demand for relief must be specific, and on default "only the amount prayed for in the complaint to be awarded to the plaintiff in a default." *Elektra Entertainment Group*, 2004 WL 783123 at \*5; *see Fong v. United States*, 300 F.2d 400, 413 (9th Cir.1962) (stating that a default judgment may not be different in

kind from or exceed in amount that prayed for in the complaint). On default, a plaintiff "must 'prove up' the amount of damages" owed. *Philip Morris USA Inc. v. Banh*, No. CV 03–4043 GAF (PJWx), 2005 WL 5758392, *6 (C.D.Cal. Jan. 14, 2005). Here, Meier's complaint provides specific notice of the damages sought which she easily proves up with through written affidavit and testimony.

First, Meier gave fair and adequate notice of the damages she seeks. Under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The rule ensures that a defendant is put on notice of the damages being sought against him so that he may make a calculated decision as to whether or not it is in his best interest to answer. *In re Ferrell*, 539 F.3d 1186, 1192–93 (9th Cir. 2008). Here, Meier's Complaint specified damages "in connection with Defendants' violations of 18 U.S.C. §§ 1341, 1343, 1961(c), and 2318, as well as any other applicable statute subject of this complaint;" "treble and/or punitive damages in connection with Defendants' acts of infringement, illegal trafficking and counterfeiting, fraud, and misrepresentations;" "compensatory, general, and punitive damages according to proof;" "pre-judgment interest;" and "costs." Dkt. 1, p. 17, ¶¶ a-e.

Second, Meier has proven her damages. "To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit." *Bd. of Trs. of the Laborers Health & Welfare Trust Fund for N. Cal. v. A&B Bldg. Maint. Co. Inc.*, No. C 13-00731 WHA, 2013 WL 5693728, at *4 (N.D. Cal. Oct. 17, 2013); *see Cannon v. City of Petaluma, No. C 11-0651 PJH*, 2011 WL 3267714, at *2 (N.D. Cal. July 29, 2011) (requires admissible evidence, including witness testimony); *see also Bd. of Trs. of Bay Area Roofers Health & Welfare Trust Fund v. Westech Roofing*, 42 F. Supp. 3d 1220, 1232 n.13 (N.D. Cal. 2014) (the plaintiff has the burden to establish damages).

"In fraud cases involving the 'purchase, sale or exchange of property,' the

Legislature has expressly provided that the 'out-of-pocket' rather than the 'benefit-of-the-bargain' measure of damages should apply." *Alliance Mortgage*, *supra,* 10 Cal.4th at 1240. "One defrauded in the purchase, sale or exchange of property is entitled to recover the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received...." Civ. Code, § 3343, subd. (a). Here, Meier submitted — through her declaration and the attached exhibits — proof of her two payments to Lyons Gallery totaling AUD 74,500 ($48,304.78) and two payments to Global Images totaling $26,255.04. Meier further submitted evidence from three different experts in fine art photography that the prints she purchased from Defendants were counterfeit, could not be displayed at an art fair or gallery, could not be sold to other collectors, and were of no value. Meier is thus entitled to $74,559.82 in order to make her whole from Defendants' fraud.

Moreover, Meier is entitled to punitive and exemplary damages under Section 3294. Civ. Code § 3294 (if "proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.") Meier is further entitled to treble damages under Section 1964. 18 U.S. Code § 1964. Such treble damages are mandatory. *Id.* (A plaintiff who brings a successful civil RICO action "*shall* recover threefold the damages he sustains." (emphasis added)).

Accordingly, Meier is entitled to recover $223,679.46 from Defendants – representing three times Meier's damages of $74,559.82 and the total amount fraudulently paid to Defendants.

## VII.    Meier is entitled to recover costs in the amount of $2,667.48.

Under the federal RICO statute, a prevailing plaintiff shall also recover full costs. *See* 18 U.S. Code § 1964 (a successful plaintiff "shall recover threefold the damages he sustains and the cost of the suit."). Meier thus requests to recover

- 14 -

$2,667.48 in litigation costs she incurred in this case. Barrett Decl. ¶ 6.

## VIII.  Meier is entitled to recover her attorneys' fees.

In addition to costs, a plaintiff who successfully brings a RICO action shall also recover reasonable attorneys' fees. *See* 18 U.S.C. § 1964. Where a plaintiff is entitled to attorneys' fees by statute, the Court may award reasonable attorneys' fees with a default judgment in its discretion. *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993). This Court can even award an amount greater than that calculated under the schedule of attorney fees for default cases. *See* L.R. 55-3.

Here, because Meier seeks a default judgment of $223,679.46, Local Rule 55-3 provides an attorney's fee award of $8,071.79 ($5,600 plus 2% of the amount over $100,000). Thus, Plaintiff requests an award of $8,071.79 to cover reasonable attorneys' fees. Barrett Decl., ¶ 5.

## IX.    CONCLUSION

For the foregoing reasons, Meier respectfully requests that this Court grant default judgment against Solomon, Global Images, and Lyons Gallery and in favor of Meier awarding treble damages in the amount of $223,679.46, attorneys' fees in the amount of $8,071.79, and costs in the amount of $2,667.48.

Respectfully submitted,

Date: September 1, 2023          By:    /s/ *Trevor W. Barrett*
                                        Scott Alan Burroughs, Esq.
                                        Trevor W. Barrett, Esq.
                                        Kelsey M. Schultz, Esq.
                                        DONIGER / BURROUGHS
                                        Attorneys for Plaintiff

The undersigned, counsel of record for Dina Monica Meier, certifies that this brief contains 5,215 words, which complies with the word limit of L.R. 11-6.1

Date: September 1, 2023          By:    /s/ *Trevor W. Barrett*
                                        Trevor W. Barrett, Esq.